UNITED STATES of America,
Appellee,

v.

Ramon ESPINAL, Defendant–
Appellant.

Docket No. 00–1355.

United States Court of Appeals,
Second Circuit.

Feb. 18, 2002.

B. Alan Seidler, Nyack, NY, for Appellant.

Dwight Holton, Assistant United States Attorney, Brooklyn, NY, for Appellee.

Present WINTER, POOLER and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Ramon Espinal appeals from a judgment of conviction for conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. § 841(a),(b)(1)(A) that sentenced Espinal to 121 months of imprisonment.

Espinal pleaded guilty to narcotics conspiracy on July 30, 1998, after having entered into a cooperation and plea agreement with the government. In pertinent part, the agreement provided:

> The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by [the United States Attorney's office] that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but [the United States Attorney's office] will be released from its obligations under this agreement, including ... to file the motion [for a downward departure based upon substantial assistance].

Espinal cooperated with the government and supplied them with information concerning several drug dealers. However, he was also twice arrested for drug related offenses. After the first arrest, Special Agent Kohut of the Drug Enforcement Agency told Espinal that his explanation of the circumstances was hard to believe and that if Espinal was ever caught in a suspicious circumstance again, he was "finished." After the second arrest, the government declined to make a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. 3553(e).

Espinal asked that the court direct the United States Attorney's office to make a downward departure motion. Judge Gershon held a hearing to evaluate the merits of Espinal's claim that the government's refusal to seek a downward departure was made in bad faith. Espinal testified that he had cooperated extensively and was not guilty of the charges for which he was arrested. However, he acknowledged that prior to the second arrest, which took place during the course of a traffic stop, he had bought a scale for one of the other occupants of the car; heroin was found in the car; and he had $3200 in cash with him. Testimony at the hearing also established that local authorities declined to prosecute Espinal based on the first arrest. Espinal argued that good faith would require the government to await the outcome of the trial on the charges from the second arrest before definitively deciding not to request a downward departure.

After the hearing, Judge Gershon found that the government had acted in good faith based, in part, on her assessment of the credibility of Espinal's and Kohut's testimony. In sentencing Espinal, the judge found his base offense level to be 36 based on the quantity of the drugs. After granting Espinal a two level reduction for his minor role in the offense and a three level reduction for acceptance of responsibility, she found his total offense level to be 31. Because Espinal's criminal history category was II, the resulting guidelines range was 121 to 151 months. Espinal also was subject to a mandatory minimum sentence of ten years. *See* 21 U.S.C. § 841(b)(1)(A). The court sentenced Espinal to the lowest possible guidelines sentence, 121 months.

On appeal, Espinal argues that the court's determination of good faith was erroneous and that a jury was required to decide drug quantity. Both arguments lack merit.

■ The district court's determination that the government did not act in bad faith was amply supported by Espinal's testimony alone. He acknowledged that he bought a scale useful for weighing drugs for persons who he knew to be involved with drugs, that he had $3200 in cash when arrested, and that there was heroin in the car in which he was arrested. From these facts the government could have concluded in good faith that Espinal was not telling the truth and that his credibility was sufficiently damaged that he would not make a useful witness. Nor was the government required to wait for a verdict in Espinal's state criminal trial before determining not to move for a downward departure. A not-guilty verdict or other dismissal of criminal charges does not establish that the defendant was, in fact, innocent of those charges. *United States v. Marrero–Ortiz*, 160 F.3d 768, 775 (1st Cir.1998). *A fortiori*, the government's conclusion that the suspicious circumstances of Espinal's arrest would diminish his credibility as a witness, even absent a conviction, was reasonable.

■ Section 841(b)(1)(A) imposes a mandatory minimum term of ten years of incarceration for narcotics offenses involving more than fifty grams of cocaine base. Based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Espinal argues that a jury finding of quantity was necessary to sentence him to the mandatory minimum. Espinal's argument would be valid if he had been sentenced to a mandatory minimum that exceeded the top of the guidelines range for an indeterminate quantity of narcotics. *United States v. Guevara*, 277 F.3d 111,

119 (2d Cir.2001). Espinal, however, was sentenced to 121 months, the minimum sentence he could have received under the Guidelines regardless of the statutory mandatory minimum. We recently have reaffirmed that *Apprendi* does not affect the court's ability to make guideline calculations. *United States v. Norris*, 281 F.3d 357, 2002 WL 237343, *2 (2d Cir.2002). Because Espinal's sentence was permissible under the Guidelines without consideration of the statutory mandatory minimum, his argument fails.